```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**FLORENCE MARIE JOHNSON,**

    **Movant,**

**v.**                                       Case No. 2:05-cr-00118-2
                                             Case No. 2:09-cv-01164

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on October 23, 2009 (docket # 135). Florence Marie Johnson (hereinafter "Defendant") is serving a 120 month sentence imposed on January 13, 2006, following her guilty plea to engaging in a conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Judgment entered January 25, 2006, # 92.) Defendant's direct appeal was unsuccessful. United States v. Johnson, No. 06-4132, 197 Fed. Appx. 253 (4th Cir. Sept. 1, 2006). Defendant's grounds for relief allege that her sentence as computed under the United States Sentencing Guidelines as amended was in error.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996,

Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A petition for a writ of certiorari must be filed within 90 days after entry of the judgment or decree. 28 U.S.C. § 2101(c). Defendant's Fourth Circuit judgment was entered on September 1, 2006; thus because a petition for certiorari was not filed, her conviction became final on the 91st day after the entry of the judgment, or December 1, 2006. In Clay v. United States, 537 U.S. 522, 532 (2003), the Supreme Court held that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."

The undersigned proposes that the presiding District Judge

**FIND** that Defendant's conviction became final on or about December 1, 2006, when the time for filing a petition for a writ of certiorari expired, and none of the other events specified in section 2255 are applicable in this case. Therefore, Defendant's time to file her section 2255 motion expired on or about December 1, 2007, and her petition is untimely, having been filed almost two years late.

It is respectfully **RECOMMENDED** that the § 2255 motion be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Chief Judge Goodwin.

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Defendant and to transmit it to the United States Attorney.

November 23, 2009
    Date

Mary E. Stanley
United States Magistrate Judge